## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | **CASE NO. 19-08638** |
| | **United States Bankruptcy Court for the Middle District of Florida (Tampa)** |
| **THE PRODUCERS, INC.** | |
| *Debtor*. | **CHAPTER 7** |
| **SIGMUND SOLARES** | **ADVERSARY PROCEEDING** |
| *Plaintiff* | **CASE NO. 20-01028** |
| versus | **RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE** |
| **GREGORY FAIA, MICHAEL GARDNER, VERNON DECOSSAS, DNC HOLDINGS, INC., DOMAIN APPS, LLC, FAIA AND ASSOCIATES, LLC, FAIA DEVELOPMENT GROUP, LLC, and ADS SQUARED, LLC** | |
| *Defendants* | |
| **DNC HOLDINGS, INC.,** **and DOMAIN APPS, LLC** | |
| *Plaintiffs-in-reconvention* | |
| versus | |
| **THE PRODUCERS, INC., SNOW TURTLES LTD, DIRECTNIC LTD, and PARKED.COM LTD** | |
| *Defendants-in-reconvention*. | |

## MOTION FOR ORDER WITHDRAWING THE REFERENCE

NOW INTO COURT, through undersigned counsel, come Gregory Faia, Vernon

Decossas, DNC Holdings, Inc., Domain Apps, LLC, Faia and Associates, LLC, Faia Development

Group, LLC, and ADS Squared, LLC ("**Defendants**"), who hereby file this *Motion for Order*

*Withdrawing the Reference* of the above-referenced Adversary Proceeding from the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Bankruptcy Court**") to the United States District Court for the Eastern District of Louisiana (the "**District Court**"), pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011, and E.D. La. Local Rule 83.4.3. By this Motion, and for the reasons more fully set forth in the accompanying memorandum in support, Defendants submit that cause exists to withdraw the reference for this Adversary Proceeding.

## REQUIREMENTS OF E.D. LA. LOCAL RULE 83.4.3

**A.    Designation of the portions of the record of the proceedings in the bankruptcy court that will reasonably be necessary or pertinent for consideration of the motion by the district court.**

Designation of Documents from Bankruptcy Case – Case No. 19-08638

Dkt. No. 1- Chapter 7 Involuntary Petition

Dkt. No. 9- Motion for Clarification that the Automatic Stay Does Not Apply to his State Law Claims Against Non-Debtors

Dkt. No. 48- Order On Motion For Relief From Stay

Dkt. No. 49- Motion For Relief From Automatic Stay Or To Confirm Automatic Stay Does Not Bar Claims Against Non-Debtor Third Parties

Dkt. No. 94- Order Granting, In Part, Motion For Reconsideration (Doc. 49); Second Order On Sigmund Solare's Motion For Clarification That The Automatic Stay Does Not Apply To His State Law Claims Against Non-Debtors (Doc. 9); Order On Motion For Relief From Stay (Doc. 48); And Order Sua Sponte Enlarging Time For Removal Pursuant To Bankruptcy Rule 9027

Designation of Documents from Adversary Proceeding – Adv. Proc. No. 20-01028

Dkt. No. 1- Notice of Removal

Dkt. No. 4- Motion to Transfer Venue to the United States Bankruptcy Court for the Middle District of Florida

Dkt. No. 5- Notice of Filing Operative Pleadings

Dkt. No. 11- Notice of Hearing

Dkt. No. 18- Certificate of Service

Dkt. No. 20- Certificate of Service

Dkt. No. 25- Motion for Abstention and Remand Pursuant to 28 U.S.C. §§ 1334(c) and 1452(b)

Dkt. No. 26- Notice of Hearing

Dkt. No. 27- *Ex Parte* Motion to Continue Hearing on Solares's Transfer Motion

Dkt. No. 28- Certificate of Notice

Dkt. No. 29- Opposition to *Ex Parte* Motion to Continue Hearing on Solares's Motion to Transfer Venue

Dkt. No. 30- Certificate of Service

Dkt. No. 31- Order

Dkt. No. 32- Certificate of Notice

**B.** **List showing the names of each party with an interest in the motion and for each party shown, the names of their attorney along with such attorney's mailing address.**

1. **Sigmund Solares**

   Steven M Berman
   Shumaker, Loop & Kendrick, LLP
   101 E. Kennedy Blvd., Suite 2800
   Tampa, FL 33602
   Telephone: 813-229-7600
   Fax: 813-229-1600
   Email: sberman@shumaker.com

   Stephen M Huber
   Huber, Thomas & Marcelle
   1100 Poydras St., Suite 2200
   New Orleans, LA 70163
   Telephone: 504-274-2500
   Email: stephen@huberthomaslaw.com

2. **Michael A. Gardner**

   Jean-Paul Layrisson

Scandurro & Layrisson, LLC
607 St. Charles Ave.
New Orleans, LA 70130
Telephone: (504) 522-7100
Fax: (504) 529-6199
Email: jean-paul@scanlayr.com

3. **The Producers, Inc.**

Johnson Pope Bokor Ruppel & Burns, LLP
401 East Jackson Street, Suite 3100
Tampa, FL 33602
Telephone: 813-225-2500
Fax: 813-223-7118
Email: al@jpfirm.com

4. **Gregory Faia**

Michael W. Magner
R. Patrick Vance
Andrew R. Lee
Peter J. Kee
Madison M. Tucker
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170
Telephone: (504) 582-8000
Fax: (504) 589-8316
Email:  mmagner@joneswalker.com;  pvance@joneswalker.com;  alee@joneswalker.com;
pkee@joneswalker.com; mtucker@joneswalker.com

W.J. Leblanc, Jr.
Attorney at Law
4421 Zenith St.
Metairie, LA 70001

David Daly
Frilot, L.L.C.
1100 Poydras St., Sutie 3600
New Orleans, LA 70163

5. **Vernon DeCossas**

Michael W. Magner
R. Patrick Vance
Andrew R. Lee

Peter J. Kee
Madison M. Tucker
[See above for mailing address]

Ryan K French
Taylor, Porter, Brooks & Phillips, LLP
450 Laurel Street, 8th Floor
P. O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 381-0262
Email: ryan.french@taylorporter.com

6. **DNC Holdings, Inc.**

Michael W. Magner
R. Patrick Vance
Andrew R. Lee
Peter J. Kee
Madison M. Tucker
[See above for mailing address]

Ryan K French
[See above for mailing address]

Scott A Underwood
Buchanan Ingersoll & Rooney, P.C.
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Telephone: 813-222-8180
Fax: 813-222-8189
Email: Scott.Underwood@bipc.com

7. **Domain Apps, LLC**

Michael W. Magner
R. Patrick Vance
Andrew R. Lee
Peter J. Kee
Madison M. Tucker
[See above for mailing address]

Ryan K French
[See above for mailing address]

8. **Faia and Associates, LLC**

Michael W. Magner
R. Patrick Vance
Andrew R. Lee
Peter J. Kee
Madison M. Tucker
[See above for mailing address]

W.J. Leblanc, Jr.
[See above for mailing address]

David Daly
[See above for mailing address]

9. **Faia Development Group, LLC**

Michael W. Magner
R. Patrick Vance
Andrew R. Lee
Peter J. Kee
Madison M. Tucker
[See above for mailing address]

W.J. Leblanc, Jr.
[See above for mailing address]

10. **ADS Squared, LLC**

Michael W. Magner
R. Patrick Vance
Andrew R. Lee
Peter J. Kee
Madison M. Tucker
[See above for mailing address]

11. **Larry S. Hyman, Chapter 7 Trustee**

Robert F Elgidely
Fox Rothschild LLP
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131
Telephone: 305-442-6543
Fax: 305-442-6541
Email: relgidely@foxrothschild.com

12. **United States Trustee - TPA7/13**

Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602
813-228-2000

13. **Snow Turtles, Ltd**.

   Through Maples and Calder
   121 South Church Street
   George Town, Cayman Islands
   KYI-1104

14. **Directnic, Ltd**.

   Through Maples and Calder
   121 South Church Street
   George Town, Cayman Islands
   KYI-1104

15. **Parked.com, Ltd**.

   Through Maples and Calder
   121 South Church Street
   George Town, Cayman Islands
   KYI-1104

WHEREFORE, Defendants pray that this Motion be granted and that the District Court

enter an Order (i) withdrawing the reference to the Bankruptcy Court for the above-referenced

Adversary Proceeding, and (ii) granting such other and further relief as the District Court deems

proper.

Respectfully submitted,

*/s/ Madison M. Tucker*

MICHAEL W. MAGNER (#01206)
R. PATRICK VANCE (#13008)
ANDREW R. LEE (#21196)
PETER J. KEE (#34860)
MADISON M. TUCKER (#37722)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8000
Fax: (504) 589-8316
mmagner@joneswalker.com
pvance@joneswalker.com
alee@joneswalker.com
pkee@joneswalker.com
mtucker@joneswalker.com

***Attorneys for Defendants, Gregory Faia, Vernon Decossas, DNC Holdings, Inc., Domain Apps, LLC, Faia and Associates, LLC, Faia Development Group, LLC, and ADS Squared, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion for Order Withdrawing the Reference* was filed electronically through the Court's CM/ECF system on May 27, 2020, which provides notice to all counsel of record by electronic means. I further certify that on May 27, 2020, a true and correct copy of the foregoing was caused to be served by First Class Mail, Postage Prepaid upon:

W.J. Leblanc, Jr.
Attorney at Law
4421 Zenith St.
Metairie, LA 70001

David Daly
Frilot, L.L.C.
1100 Poydras St. Suite 3600
New Orleans, LA 70163

Ryan French
Taylor Porter
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

Stephen M. Huber
Huber Thomas & Marcelle
1100 Poydras Street, Suite 2200
New Orleans, LA 70163

Jean-Paul Layrisson
Scandurro & Layrisson, LLC
607 St. Charles Ave.
New Orleans, LA 70130

*/s/ Madison M. Tucker*
Madison M. Tucker

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 19-08638 |
| | **United States Bankruptcy Court for the Middle District of Florida (Tampa)** |
| **THE PRODUCERS, INC.** | |
| *Debtor*. | CHAPTER 7 |
| **SIGMUND SOLARES** | **ADVERSARY PROCEEDING** |
| *Plaintiff* | **CASE NO. 20-01028** |
| versus | **RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE** |
| **GREGORY FAIA, MICHAEL GARDNER, VERNON DECOSSAS, DNC HOLDINGS, INC., DOMAIN APPS, LLC, FAIA AND ASSOCIATES, LLC, FAIA DEVELOPMENT GROUP, LLC, and ADS SQUARED, LLC** | |
| *Defendants* | |
| **DNC HOLDINGS, INC., and DOMAIN APPS, LLC** | |
| *Plaintiffs-in-reconvention* | |
| versus | |
| **THE PRODUCERS, INC., SNOW TURTLES LTD, DIRECTNIC LTD, and PARKED.COM LTD** | |
| *Defendants-in-reconvention*. | |

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDER
## <u>WITHDRAWING THE REFERENCE</u>

Defendants, Gregory Faia, Vernon Decossas, DNC Holdings, Inc., Domain Apps, LLC,

Faia and Associates, LLC, Faia Development Group, LLC, and ADS Squared, LLC, through

undersigned counsel, file this *Memorandum in Support of Motion for Order Withdrawing the Reference* of the above-referenced Adversary Proceeding.

<strong><u>PRELIMINARY STATEMENT</u></strong>

1.      In February of 2017, Sigmund Solares ("**<u>Plaintiff</u>**" or "**<u>Solares</u>**") commenced a lawsuit in Louisiana state court, asserting non-core, Louisiana state law claims against the Defendants. More than three years later, Solares removed that entire lawsuit to the Bankruptcy Court, citing the involuntary bankruptcy of one defendant-in-reconvention as the basis for federal subject matter jurisdiction.

2.      The Defendants submit that good cause exists for permissive withdrawal of the reference for this Adversary Proceeding pursuant to 28 U.S.C. § 157(d).

3.      All causes of action asserted in the Adversary Proceeding are predicated on state tort and contract law and do not arise in or under the Bankruptcy Code. Therefore, pursuant to 28 U.S.C. § 157(c), the Bankruptcy Court cannot enter a final judgment on Plaintiff's non-core, primarily Louisiana state law claims – or on the state law claims asserted in Defendants' reconventional demands – absent consent of the parties. If the reference of this Adversary Proceeding is not withdrawn, the District Court would be required to conduct a *de novo* review pursuant to Bankruptcy Rule 9033 prior to any final disposition.

4.      In addition, all parties to this Adversary Proceeding have demanded a jury trial, but in accordance with 28 U.S.C. § 157(e), the bankruptcy judges of the Eastern District of Louisiana are not authorized to conduct jury trials, absent consent of the parties. Respectfully, the Defendants do not consent to this Bankruptcy Court's conducting a jury trial.

5.     Under these circumstances, withdrawal of the reference to the Bankruptcy Court at this time would promote judicial economy and efficiency, while conserving resources of both the parties and the judiciary.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

I.     **The State Court Action.**

A.     **Origination in CDC.**

6.     On February 21, 2017, Sigmund Solares commenced this action alleging fraud, tort, and breach of contract (hereinafter, the "**State Court Action**") by filing his Petition for Damages and Declaratory Judgment (the "**Petition**") in the Civil District Court for the Parish of Orleans ("**CDC**").[1] Solares demanded a trial by jury in his Petition.[2]

7.     The State Court Action arises from Solares's attempts to claw back certain interests and assets in internet Companies, as that term is defined in his Petitions, which lawfully were transferred to certain of the Defendants to distance the Companies from Solares's own tarnished business reputation and liabilities. According to Solares, these events involved an alleged failed business transaction between him and co-defendant Michael Gardner that resulted in an alleged conversion of Solares's property by Gardner, Vernon Decossas, and Gregory Faia.

8.     Solares's Petition asserts claims against the Defendants and co-defendant Gardner for (1) breach of fiduciary duty; (2) conversion; (3) delictual fraud; (4) rescission of contracts for fraud; (5) breach of contract; (6) breach of oral contract; (7) violation of the Louisiana Unfair Trade Practices Act; (8) intentional infliction of emotional distress; and (9) legal malpractice.

9.     Importantly, all causes of action asserted in Solares's Petition arise under state law, and none could arise only in a bankruptcy case.

---

[1] *See* Petition, attached hereto as **Exhibit A**.
[2] *See id.*, ¶ 74.

10.     On June 15, 2017, Solares filed his First Supplemental and Amending Petition for
Damages and Declaratory Judgement (the "**First Amended Petition**").[3] In the First Amended
Petition, Solares asserted additional facts and allegations against all of the Defendants. The First
Amended Petition also included a demand for trial by jury.[4]

11.     On March 16, 2018, more than a year after its commencement and following
extensive briefing and motion practice, Honorable Judge Ethel S. Julien transferred the State Court
Action to the 24th JDC upon her finding that CDC was an improper venue.[5]

12.     Relevant to Judge Julien's venue transfer, Solares is a Louisiana resident of
Jefferson Parish.[6] Similarly, Defendants Gregory Faia, DNC Holdings, Inc., Domain Apps, LLC,
Faia and Associates, LLC, Faia Development Group, LLC, and ADS Squared, LLC[7] reside or have
their principal places of business in Louisiana.[8]

**B.      Transfer to the 24th JDC.**

13.     On June 22, 2018, the State Court Action was officially transferred to the 24th JDC
where additional discovery and motion practice ensued.

14.     On December 7, 2018, Defendants Gregory Faia and Faia and Associates, LLC
filed an Answer and Reconventional Demand, in which they requested reimbursement for the costs
incurred in defending the State Court Action and demanded trial by jury on all issues.[9]

---

[3] *See* First Amended Petition, attached hereto as **Exhibit B.**
[4] *See id.*, ¶ 76.
[5] *See* Judgment Granting Exceptions of Improper Venue, attached hereto as **Exhibit D**.
[6] *See* Exhibit A-C, Petitions, ¶ 1.
[7] The Defendants note that ADS Squared, LLC was not added to this Lawsuit until March 24, 2020, *see infra*
¶¶ 28-29.
[8] *See* Exhibit A-C, Petitions, ¶ 2.
[9] *See* Gregory Faia and Faia and Associates, LLC's Answer and Reconventional Demand, attached hereto as
**Exhibit E**, pp. 9-11.

15.     On December 14, 2018, Defendants Vernon Decossas, DNC Holdings, Inc., Domain Apps, LLC, and Faia Development Group, LLC, filed their Answer and Reconventional Demand, asserting claims of fraud and defamation and also demanding trial by jury.[10]

### 1.     The parties have engaged in extensive discovery and motion practice.

16.     Since the early 2018 transfer of the State Court Action to the 24th JDC, the parties have engaged in extensive motion practice.

17.     Among other things, exceptions to personal jurisdiction, multiple motions to compel discovery, motions to disqualify counsel, a motion for sanctions, motions to quash and for protective orders, and motions to strike and cease improper and/or ex parte communications with the court have been litigated in the 24th JDC since 2018.[11]

18.     Further, as indicated by the discovery motions listed *supra*, the parties (and multiple third parties) have engaged in extensive written discovery since the transfer of the State Court Action two years ago.

### 2.     The Amended Reconventional Demand and the Florida Bankruptcy Proceeding.

19.     On May 31, 2019, Defendants DNC Holdings, Inc. and Domain App, LLC, filed the Amended Reconventional Demand, adding as Defendants-in-Reconvention The Producers, Inc. ("**TPI**"), Snow Turtles, Ltd., Directnic, Ltd., and Parked.com, Ltd.[12] The Amended Reconventional Demand, which includes a demand for a jury trial, asserts causes of action for fraud, breach of contract, detrimental reliance, and loss of economic advantage.[13]

---

[10] *See* Vernon Decossas, DNC Holdings, Inc., Domain Apps, LLC, and Faia Development Group, LLC's Answer and Reconventional Demand, attached hereto as **Exhibit F**, pp. 10-12.
[11] *See generally,* Docket Sheet from 24th JDC, attached hereto as **Exhibit G**.
[12] *See* Amended Reconventional Demand, attached hereto as **Exhibit H**.
[13] *See id*, p. 8.

20.     On September 12, 2019, an involuntary bankruptcy petition was filed pursuant to chapter 7 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") with respect to the above-captioned Debtor and Defendant-in-Reconvention, TPI, in the U.S. Bankruptcy Court for the Middle District of Florida (Tampa) (the "**Florida Bankruptcy Court**").[14]

21.     The Florida Bankruptcy Proceeding triggered the automatic stay pursuant to § 362 of the Bankruptcy Code, staying at least certain claims in the State Court Action – primarily those belonging to the bankruptcy estate of the Debtor, TPI.

22.     On October 8, 2019, Solares filed a *Motion for Clarification that the Automatic Stay Does Not Apply to his State Law Claims Against Non-Debtors* (as amended and restated in Solares's *Motion For Relief From Automatic Stay Or To Confirm Automatic Stay Does Not Bar Claims Against Non-Debtor Third Parties*, Dkt. No. 49, the "**Clarification Motion**") in the Florida Bankruptcy Proceeding.[15] Through his Clarification Motion, Solares sought confirmation that he could pursue claims asserted in the State Court Action during the pendency of TPI's bankruptcy without violating the automatic stay.[16]

23.     On February 12, 2020, the Florida Bankruptcy Court held a hearing on the Clarification Motion. During this hearing, Solares recognized and acknowledged to the Florida Bankruptcy Court that while certain of the claims at issue in the State Court Action belong to the Debtor's bankruptcy estate, the remaining claims belong to Solares personally.[17]

---

[14] *See In re: The Producers, Inc.*; Case No. 19-08638; United States Bankruptcy Court for the Middle District of Florida (Tampa) (the "**Florida Bankruptcy Proceeding**").

[15] *See* Florida Bankruptcy Proceeding. Dkt. No. 9.

[16] *See id.*

[17] *See* Transcript of Hearing on Clarification Motion, attached hereto as **Exhibit I**, p. 12:24-25, 13:1-20 (acknowledging that there "are two distinct groups of transactions" and that Solares's fraud claims are "not a Chapter 5 cause of action").

24.     Notably, at the Clarification Motion hearing, when presented with the idea that
Solares's State Court Action, in its entirety, be brought to Florida and consolidated with the Florida
Bankruptcy Proceeding, Judge Catherine Peek McEwen expressed reluctance.[18]

25.     Following the hearing, on February 28, 2020, the Florida Bankruptcy Court entered
an Order (the "**Clarification Order**"), allowing Solares to proceed in the State Court Action on
claims for personal delictual fraud and intentional infliction of emotional distress, while reserving
any claim actually arising out of Chapter 5 of the United States Bankruptcy Code to the bankruptcy
estate, and otherwise reserving ruling on the impact of the stay on the remaining of the claims.[19]

26.     The Clarification Order further stated that "the automatic stay shall not apply to
Solares filing a Second Supplemental and Amending Petition for Damages...."[20]

27.     For clarity, Defendants note that the three state law causes of action asserted in the
Amended Reconventional Demand against Defendant-in-Reconvention, TPI, are the only claims
directly asserted against a debtor in a bankruptcy case. Indeed, no other party to the State Court
Action is a debtor in bankruptcy.[21]

### 3.     The Second Amended Petition and Pending Proceedings in the 24th JDC.

28.     On March 24, 2020, Solares filed his Second Supplemental and Amending Petition
for Damages (the "**Second Amended Petition**") in the State Court Action.[22]

29.     In the Second Amended Petition, Solares, among other things, added ADS Squared,
LLC, as a defendant and asserted additional causes of action against all of the Defendants.

---

[18] *See id.*, p. 16:19-23.
[19] *See* Florida Bankruptcy Proceeding. Dkt. No. 94.
[20] *Id.* at § 8.
[21] In fact, because TPI is a Chapter 7 debtor, any claims it may have against the parties to the State Court Action are the Chapter 7 Trustee's to bring – not TPI's.
[22] *See* Second Amended Petition, attached hereto as **Exhibit C**.

30.     Solares's new causes of action included: conversion of ownership interest in the Companies; conversion of DVLPMNT profits; a revocatory action; violations of the Florida Uniform Fraudulent Transfer Act; and actions for preliminary and permanent injunctions enjoining the Defendants from selling, donating, or disposing of their assets without court approval.[23]

31.     Still, all of the claims asserted in the State Court Action arise under state law, and none could arise only in a bankruptcy case.

32.     Shortly after filing the Second Amended Petition, Solares filed his *Motion for Partial Summary Judgment on Fraud Arising Out of Gregory Faia's and Faia Development Group, LLC's Deception Regarding Solares' Profits from DVLPMNT Marketing, Inc.* and his *Motion for Partial Summary Judgment on Fraud Arising Out of Vernon Decossas' Deception Regarding Solares' DVLPMNT Marketing, Inc. Money* (collectively, the "**Motions for Summary Judgment**"). The Motions for Summary Judgment were scheduled for hearing in the 24th JDC on June 15, 2020.[24]

33.     Meanwhile, on April 17, 2020, Defendants scheduled and noticed the video deposition of Solares for June 16-17, 2020. And on April 30, 2020, video depositions were noticed of Vivian Solares and Rachel Solares, Solares's sisters, to occur on June 22, 2020, and of Brandi Solares, Solares's wife, to take place on June 23, 2020 (collectively, the "**Solares Depositions**")..[25]

### 4.     *The Notice of Removal and Transfer Motion.*

34.     Also on April 30, 2020, as Solares was faced with the prospect of giving his sworn deposition testimony, he removed the State Court Action to the Bankruptcy Court, commencing this Adversary Proceeding.[26]

---

[23] *See id.*
[24] *See* Motions for Summary Judgment, attached hereto as **Exhibit J**.
[25] *See* Notices of Deposition, attached hereto as **Exhibit K**.
[26] Dkt. No. 1.

35.     Contemporaneous with the Notice of Removal, Solares filed his Transfer Motion, seeking to transfer venue of the State Court Action to the U.S. Bankruptcy Court for the Middle District of Florida.[27]

36.     In the Transfer Motion, Solares relies on conclusory and self-serving assertions that, because the Adversary Proceeding will have some undefined impact on the Florida Bankruptcy Proceeding, the *entire* Adversary Proceeding – comprising state law issues and largely non-debtor, Louisiana-resident parties – should be forced into the Florida Bankruptcy Court. The Transfer Motion currently is set for hearing before the Bankruptcy Court on June 3, 2020.[28]

37.     Meanwhile, on May 12, 2020, Defendants filed their *Motion for Abstention and Remand Pursuant to 28 U.S.C. §§ 1334(c) and 1452(b)* (the "**Abstention and Remand Motion**") [Dkt. No. 25], urging the Bankruptcy Court to abstain from presiding over this proceeding on the basis of mandatory abstention, or in the alternative, to exercise its discretion to permissively abstain from hearing this action and equitably remand it to the 24th JDC. The Abstention and Remand Motion also is set for hearing before the Bankruptcy Court on June 3, 2020.[29]

38.     To more fully respond to Solares's arguments in favor of transfer, an Objection to the Transfer Motion is being filed contemporaneously with this Motion.[30]

## LAW AND ARGUMENT

### I.     Legal Standard

39.     The federal district courts have original jurisdiction over bankruptcy cases and proceedings.[31] 28 U.S.C. § 157(a), in turn, provides that the district courts may delegate their

---

[27] Dkt. No. 4.
[28] Dkt. No. 11.
[29] Dkt. No. 26.
[30] Dkt. No. 34.
[31] *See* 28 U.S.C. § 1334(a)-(b).

judicial authority over bankruptcy cases and proceedings by referring them to bankruptcy judges in their district. By its General Order dated April 11, 1990, the United States District Court for the Eastern District of Louisiana (the "**District Court**") exercised its authority under § 157(a), ordering

> that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 filed in or transferred or removed to this district be, and they hereby are, referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law.[32]

40.     Under 28 U.S.C. § 157(d), after referring a case or proceeding to the bankruptcy court, a district court may, in its discretion, withdraw "in whole or in part, any case or proceeding" so referred "on its own motion or on timely motion of any party, for cause shown."[33] In determining whether cause exists to withdraw the reference, district courts in the Fifth Circuit consider the following factors: (1) whether the matter involves core, non-core, or mixed issues; (2) whether or not there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process.[34]

41.     Here, application of the *Holland America* factors demonstrates that withdrawal is warranted under the permissive provision of § 157(d).

## II.     Discretionary Withdrawal of this Adversary Proceeding is Warranted Because the *Holland America* Factors Heavily Favor Withdrawal.

---

[32] General Order—Reference of Bankruptcy Cases & Proceedings (E.D. La. Apr. 11, 1990); *see also* Eastern District of Louisiana Local Rule 83.4.1 ("All cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district.").

[33] *See* 28 U.S.C. § 157(d).

[34] *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985); *Guilbeau Marine, Inc. v. T&C Marine, LLC (In re Guilbeau Marine, Inc.),* No. 20-4, 2020 U.S. Dist. LEXIS 26809, at *5 (E.D. La. Feb. 18, 2020) (weighing the *Holland America* factors).

42.     In reviewing the *Holland America* factors, it is evident that the decisive issue in withdrawing the reference in the instant Adversary Proceeding is the fact that Solares and the Defendants have demanded, and are entitled to, a jury trial. Cause may exist where the movant's right to a jury trial, alone, dictates that the reference be withdrawn.[35] "The importance of this fundamental right carries such weight that the collective effect of the remaining . . . factors should not alter the final determination."[36] Nevertheless, because many of the remaining factors also favor a withdrawal of the reference, it is helpful to consider these factors as well.

### A.     The Underlying Lawsuit is a Non-Core Proceeding.

43.     Authority to withdraw the reference applies to both core and non-core proceedings.[37] Notably, however, where "[i]t does not appear that the bankruptcy law theories of recovery predominate over the … state law theories, … the presence of non-core claims in the case weighs in favor of withdrawal of the reference."[38]

44.     As briefed in the Defendants' Abstention and Remand Motion and Objection to the Transfer Motion, Defendants assert, and Solares concedes,[39] that the Adversary Proceeding is a *non-core proceeding* because it neither arises under[40] nor arises in[41] the Bankruptcy Code. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one

---

[35] *Nu Van Tech., Inc. v. Cottrell, Inc. (In re Nu Van Tech., Inc.)*, Nos. 01-49589-DML-11, 03-4219, 2003 Bankr. LEXIS 1331, at *6 (Bankr. N.D. Tex. Oct. 3, 2003) (*citing Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 47-48, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989)).

[36] *Johnson v. Williamson (In re British Am. Props. III)*, 369 B.R. 322, 323 (Bankr. S.D. Tex. 2007); *see also In re Clay*, 35 F.3d 190, 193 (5th Cir. 1994) (noting that the right to a jury trial, enshrined in the Bill of Rights, was considered "vital to the judiciary because juries check government overreaching, educate the citizens who serve on them, keep justice local, and permit popular participation in the administration of justice").

[37] *Holland Am.*, 777 F.2d 992.

[38] *Adler v. Walker (In re Gulf States Long Term Acute Care of Covington, L.L.C.)*, 455 B.R. 869, 876 (E.D. La. 2011).

[39] *See* Notice of Removal, Dkt. No. 1, ¶ 11-12 (alleging jurisdiction over this Adversary Proceeding arises out of related-to jurisdiction).

[40] *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987) (A case arises under title 11 if the proceeding invokes a right created by the federal bankruptcy law.).

[41] *See id.* at 97 (A case arises in title 11 if the proceeding is one that would arise only in bankruptcy.).

that could exist outside of bankruptcy it is not a core proceeding . . . under § 157(c)(1) it is an 'otherwise related' or non-core proceeding."[42]

45.     Because the Adversary Proceeding does not invoke any substantive right created by federal bankruptcy law, it is a proceeding that could exist entirely outside of bankruptcy – as it has for the past three years – in a Louisiana court. As explained above, Solares's Petitions and Defendants' Reconventional Demands assert claims arising solely under state contract and tort law. None of these causes of action could arise only in a bankruptcy case.[43] In fact, the State Court Action has been actively litigated in Louisiana state courts for three years outside of a bankruptcy court.

46.     For these reasons, the Adversary Proceeding is non-core as it is only – at best – "related to"[44] TPI's Florida Bankruptcy Proceeding, initiated under the Bankruptcy Code.[45] Therefore, this factor weighs in favor of withdrawal of the reference.[46]

**B.     The Parties' Jury Demands Heavily Favor Withdrawal of the Reference.**

47.     In the instant proceeding, the parties have demanded trial by jury on all issues asserted both in Solares's Petitions and in Defendants' Reconventional Demands.

---

[42] *Longhorn Ptnrs. Pipeline L.P. v. KM Liquids Terminals, L.L.C.*, 408 B.R. 90, 96 (Bankr. S.D. Tex. 2009).

[43] *See id.* (Explaining that despite the fact that a debtor's claims may affect the assets of the estate, and therefore may fall within the literal language of enumerated core proceedings in § 157(b), almost all debtor claims may affect the estate in that they could lead to a judgment increasing or decreasing estate assets. If a court accepted such a contention, then virtually all "related to" proceedings would be considered core, and § 157 would serve no purpose.)

[44] *See* Transcript of Clarification Motion Hearing, p. 42:2-3 (interpreting Solares's individual causes of action, which are not Chapter 5 causes action, as related factually to the central facts of this Adversary Proceeding but not "related-to" the Florida Bankruptcy Proceeding in the legal sense of the term).

[45] Notably, Solares himself characterizes the Adversary Proceeding as "related to" TPI's Bankruptcy Proceeding, which is pending in the Bankruptcy Court. *See* Notice of Removal, Dkt. No. 1, ¶ 11-12.

[46] *See Guilbeau Marine*, 2020 U.S. Dist. LEXIS 26809 at *5-6 (where claims were asserted for state law breach of contract and negligence, claims were non-core state law matters, and the first factor weighed in favor of withdrawal of the reference).

48.     Bankruptcy courts in the Eastern District of Louisiana are not authorized to conduct jury trials,[47] and – with due respect to the Bankruptcy Court – the Defendants do not consent to this Bankruptcy Court's conducting a jury trial under 28 U.S.C. § 157(e).

49.     Further, the Seventh Amendment provides a right to a jury trial where the suit is to ascertain and determine legal rights, as opposed to equitable rights.[48] A suit for monetary damages, like the Adversary Proceeding, is legal in nature.[49]

50.     Accordingly, the fact that the Defendants and Solares, himself, have exercised their right to a trial by jury, informs that this factor favors – and perhaps mandates – withdrawal of the reference.[50]

## C.     Considerations of Judicial Economy Favor Withdrawal.

51.     Here, where the Defendants have demanded a jury trial and have a right to a jury trial, considerations of judicial economy weigh in favor of withdrawal. As the Fifth Circuit noted:

> If anything, jury trials in bankruptcy courts would impede efficiency. These speedy courts were not designed to conduct long jury trials, and most bankruptcy judges and lawyers are unused to jury procedures. In this respect, district courts have far more expertise than bankruptcy courts do.[51]

---

[47] Bankr. Local Rule 9015-1 ("Jury trials are not held in this court."); *Travelers Indem. Co. v. Babcock & Wilcox Co.*, No. 01-3387, 2002 U.S. Dist. LEXIS 2477, 2002 WL 100625, at *4 (E.D. La. Jan. 23, 2002) (Vance, J.).

[48] *Guilbeau Marine*, 2020 U.S. Dist. LEXIS 26809 at *6 (*citing Granfinanciera*, 492 U.S. at 55-56 (stating that "suits which … constitute no part of the proceedings in bankruptcy … are quintessentially suits at common law that more nearly resemble state-law contract claims … than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.")).

[49] *Id*. (*citing In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 876 (E.D. La. 2011) (citing *Ross v. Bernhard*, 396 U.S. 531, 533, 90 S. Ct. 733, 24 L. Ed. 2d 729 (1970); *Garcia v. Queen, Ltd*., 487 F.2d 625, 628 & 628 n. 7 (5th Cir. 1973))).

[50] *See, e.g., In re Parkway Sales & Leasing*, 411 B.R. 337, 350 (Bankr. E.D. Tex. 2009) (noting that if defendant is entitled to a jury trial, "the reference *must* be withdrawn" (emphasis added)); *In re Clay*, 35 F.3d at 198 (ordering district court to withdraw the reference where defendant had a Seventh Amendment right to a jury trial and the bankruptcy court lacked the authority to conduct a jury trial); *In re British Am. Props.*, 369 B.R. at 326 (finding that the "importance of this fundamental right [to a jury] carries such weight" that the other factors should not alter the determination to withdraw); *Smith v. Lucent Technologies, Inc.* 2004 WL 515769, at *29 (E.D. La. Mar. 16, 2004) (finding permissive withdrawal appropriate where there was a right to jury trial and claims were non-core).

[51] *In re Clay*, 35 F.3d at 195 (internal citations omitted).

52.     "Furthermore, it is in the interest of judicial economy to withdraw the reference, considering the necessity for *de novo* review under 28 U.S.C. § 157(c)(1) if the bankruptcy court hears the non-core proceeding."[52] This factor, thus, favors withdrawal of the reference.

**D.     There are No Indicia of Forum Shopping.**

53.     From the time that the State Court Action was commenced in CDC and subsequently transferred to the 24th JDC, the Defendants have litigated in Louisiana state courts without jurisdictional dispute. By moving to withdraw the reference from the Bankruptcy Court at this juncture, the Defendants are simply seeking to enforce their constitutional right to a jury trial.[53] As there is absolutely no indication whatsoever that the Defendants are forum shopping to evade the jurisdiction of the Bankruptcy Court, this factor weighs in favor of withdrawing the reference.[54]

**E.     Withdrawal of the Reference Will Not Adversely Affect Uniformity in the Bankruptcy Administration.**

54.     This Adversary Proceeding, as a non-core matter implicating purely civil law issues, does not involve the interpretation of bankruptcy laws. Therefore, the uniformity in bankruptcy administration factor is inapplicable.[55]

55.     Nevertheless, to the extent this factor were applicable, withdrawal of the reference would not adversely affect uniformity in TPI's bankruptcy administration.

---

[52] *In re Tasch, Inc.*, 1999 U.S. Dist. LEXIS 1631, 1999 WL 64959, at *15 (E.D. La. Feb. 8, 1999).

[53] *See In re British Am. Props.*, 369 B.R. at 327 ("The Court believes that the Defendant is sincere in her argument that she is simply seeking to enforce her constitutional right to a jury trial, and is not trying to evade the jurisdiction of this Bankruptcy Court …. Accordingly, there are no indicia of forum shopping present; therefore, this factor favors withdrawal of the reference.").

[54] Defendants highlight the timing of this Motion for the District Court's benefit. In an effort to conserve judicial and party resources, the Defendants filed this Motion only after the Bankruptcy Court entered an Order denying Defendants' *Ex Parte Motion to Continue Hearing on Solares's Transfer Motion* [Dkt. No. 31], as the prompt remand of this action to the 24th JDC would have protected Defendants' right to a jury trial. Because the Bankruptcy Court has elected to consider the issues of remand and transfer simultaneously, Defendants are filing this Motion to withdraw the reference to ensure that their right to a jury trial is not waived. *See Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 850-53 (Bankr. S.D. Tex. 2006).

[55] *See Guilbeau Marine*, 2020 U.S. Dist. LEXIS 26809, at *6-7.

56.     "If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration."[56] Here, while this matter has been litigated for the past three years in Louisiana state courts, the Adversary Proceeding is still in its early stages in the Bankruptcy Court.

57.     Solares's *Notice of Removal*[57] was filed on April 30, 2020. To date, the Bankruptcy Court has not reached any of the substantive issues implicated in this Adversary Proceeding. Rather, the parties have merely begun to litigate jurisdictional and venue-based disputes.

58.     Because the Bankruptcy Court has not yet had the opportunity to become closely familiar with the complex procedural history or substantive issues underlying the Adversary Proceeding, a withdrawal of the reference at this time would not be disruptive to the uniformity of administration in TPI's Bankruptcy Proceeding in the Middle District of Florida.[58]

59.     For these reasons, this factor likewise favors withdrawal of the reference.

**F.     Withdrawal of the Reference Constitutes an Economical Use of the Parties' Resources.**

60.     Here, the parties have not invested any significant time briefing the Bankruptcy Court on the underlying merits of the dispute. As such, the District Court would be in no better or worse position to expeditiously adjudicate this action than the Bankruptcy Court, and the expense to the parties would not increase should the District Court adjudicate this action.

---

[56] *See In re British Am. Props.*, 369 B.R. at 327 (citing cases).

[57] Dkt. No. 1.

[58] *See In re EbaseOne Corp.*, Bankr. No. 01-31527-H4-7, Adv. No. 06-3197, 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006) (finding that this factor favored withdrawal where motion to withdraw was filed shortly after the complaint and none of the substantive issues in the adversary proceeding had been reached); *see also In re British Am. Props.*, 369 B.R. at 327 (because the court had not spent any significant time becoming familiar with the facts of the underlying complaint in the adversary proceeding, had not invested large amounts of time and resources, and had not made any other rulings in the proceeding, this factor favored withdrawal of the reference).

61.     Relatedly, because the parties have not invested significant resources in this proceeding in relation to the underlying substantive merits of the dispute, withdrawal of the reference would not cause any parties to lose any resources expended in the Bankruptcy Court.

62.     The *Notice of Removal* was filed less than 30 days ago. As a result, this is not a situation where the Bankruptcy Court and the parties have progressed through an adversary proceeding for months before the Defendants attempted to enforce their right to a jury trial by seeking withdrawal of the reference.[59]

63.     Furthermore, while the Bankruptcy Court could manage pre-trial matters in this Adversary Proceeding, it would certainly be more efficient and less costly for the District Court to adjudicate all matters once and for all rather than for the Bankruptcy Court to hold hearings and then for the District Court to review the findings and conclusions on a *de novo* basis.[60] This factor, therefore, favors withdrawal of the reference.

64.     Indeed, if the reference of this Adversary Proceeding is not withdrawn, the District Court would be required to conduct a *de novo* review pursuant to Bankruptcy Rule 9033 prior to any final disposition.

### G.      Withdrawal Will not Unduly Delay the Bankruptcy Process.

65.     "A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case."[61] Further, the Defendants have not consented to a jury trial in this Bankruptcy Court and have not waived their right to a jury trial by filing a proof of

---

[59] *See id.* at 328.
[60] *See, e.g., Ebase One Corp.* 2006 WL 2405732, at *4-5 (*citing Mirant Corp. v. S. Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006).
[61] *Id.*

claim in TPI's Bankruptcy Proceeding. Accordingly, this Bankruptcy Court has no authority to conduct a jury trial in this lawsuit.[62]

> Since [the Bankruptcy Court] is unable to conduct a jury trial in this case, having the suit remain in the Bankruptcy Court and then facing *de novo* review by the District Court would delay the final resolution of this dispute, which in turn will delay the distribution to creditors in the main bankruptcy case.[63]

66. The bankruptcy court reference will need to be withdrawn at some point in order to preserve the right to a jury trial. If the reference is withdrawn at this stage, the District Court will be able to closely manage these proceedings from the outset, define the scope of the facts and legal issues to be tried, conduct a jury trial, and enter a final judgment.

67. Additionally, as explained above, granting this Motion to withdraw the reference also will serve the interests of judicial economy because it will obviate any need to appeal rulings of this Bankruptcy Court to the District Court and, thereby, will bring this matter to a more expeditious resolution.[64] Because adjudication in the District Court would promote a more expeditious resolution of this action, this factor likewise favors withdrawal.[65]

## III. Conclusion.

68. Accordingly, for the foregoing reasons, the Defendants respectfully ask the District Court to withdraw the reference of this Adversary Proceeding to the Bankruptcy Court. The Defendants further request any other relief to which the Court may find them to be justly entitled.

---

[62] *See In re Clay*, 35 F.3d at 195-97 (holding that bankruptcy courts do not have the constitutional or statutory authority to conduct jury trials without the consent of the parties); *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 205 (S.D. Tex. 2008) (without the consent of the parties, a bankruptcy court lacks the authority to conduct a jury trial).

[63] *In re British Am. Props.*, 369 B.R. at 328.

[64] *See Guilbeau Marine*, 2020 U.S. Dist. LEXIS 26809, at *7 (*citing Travelers Indem. Co.*, 2002 U.S. Dist. LEXIS 2477, 2002 WL 100625, at *4).

[65] *In re British Am. Props.*, 369 B.R. at 328; *see also In re Clay*, 35 F.3d at 198 (ordering district court to withdraw the reference where defendant had a right to a jury trial and bankruptcy court did not have authority to conduct a jury trial).

Respectfully submitted,

*/s/ Madison M. Tucker*

MICHAEL W. MAGNER (#01206)
R. PATRICK VANCE (#13008)
ANDREW R. LEE (#21196)
PETER J. KEE (#34860)
MADISON M. TUCKER (#37722)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8000
Fax: (504) 589-8316
mmagner@joneswalker.com
pvance@joneswalker.com
alee@joneswalker.com
pkee@joneswalker.com
mtucker@joneswalker.com

***Attorneys for Defendants, Gregory Faia, Vernon
Decossas, DNC Holdings, Inc., Domain Apps, LLC,
Faia and Associates, LLC, Faia Development
Group, LLC, and ADS Squared, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Memorandum in Support of Motion for Order Withdrawing the Reference* was filed electronically through the Court's CM/ECF system on May 27, 2020, which provides notice to all counsel of record by electronic means. I further certify that on May 27, 2020, a true and correct copy of the foregoing was caused to be served by First Class Mail, Postage Prepaid upon:

W.J. Leblanc, Jr.
Attorney at Law
4421 Zenith St.
Metairie, LA 70001

David Daly
Frilot, L.L.C.
1100 Poydras St. Suite 3600
New Orleans, LA 70163

Ryan French
Taylor Porter
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

Stephen M. Huber
Huber Thomas & Marcelle
1100 Poydras Street, Suite 2200
New Orleans, LA 70163

Jean-Paul Layrisson
Scandurro & Layrisson, LLC
607 St. Charles Ave.
New Orleans, LA 70130

*/s/ Madison M. Tucker*
Madison M. Tucker